In the Matter of the Estate of MABLE RINGLING, Deceased.

Surrogate's Court, New York County, February 18, 1932.

*Gilbert & Brandeis* [*Jacob H. Gilbert* of counsel], for the petitioner.

*Nathan Burkan* [*Sol. A. Rosenblatt* of counsel], for John Ringling.

FOLEY, S.   The question is whether Mable Ringling, the decedent, died a resident of the county of New York, or whether she was a resident of the county of Sarasota, in the State of Florida.   She was survived by her husband, John Ringling, and her mother, Mary Elizabeth Burton.   If she was a resident of New York, her estate is to be divided equally between them.   If she was a resident of Florida, her husband takes all her property.   The mother subsequently died and the administrators of her estate apply for letters of administration of the estate of Mable Ringling in New York county as the representatives of a deceased next of kin.   Letters of administration were granted to the husband in Florida.   In reply to the claim of the representatives of the mother's estate here, he seeks ancillary letters in New York county.   I hold that Mable Ringling at the time of her death was a resident of Sarasota, Fla.

A woman, upon marriage, takes the domicile of her husband by operation of law.   The legal domicile of the wife is *prima facie* that of her husband.   (*Matter of Daggett*, 255 N. Y. 243, 246.) Under certain circumstances, not existent here, she may establish a separate domicile from that of her husband.   In the present proceeding it has been proven clearly and conclusively that the domicile and legal residence of John Ringling, from 1912 or 1913 to the date of the death of his wife on June 8, 1929, was at Sarasota. The evidence in support of this conclusion establishes the essential requirements of domicile or a change of domicile — *animus* and *factum* — intent and conduct.   (*Matter of Newcomb*, 192 N. Y. 238;

*Dupuy* v. *Wurtz*, 53 id. 556.) This evidence consists of proof of acts on his part and his oral and written declarations. Written declarations are the strongest form of proof in cases of this kind. The maintenance of a separate residence at No. 636 Fifth avenue, New York city, by the husband during the lifetime of his wife was not inconsistent with the retention of his legal residence or domicile in Florida. His home in the latter State was a substantial one. He occupied it several months in each year. With his brothers he was engaged in the circus business. . The nature of that enterprise required him to travel from one part of the United States to another. He appears to have spent some of his time in Chicago, Bridgeport, in New York and on trips to Europe. The headquarters and the principal office of his business were in Florida. He swore off personal taxes attempted to be assessed against him in New York city upon the ground that he was a non-resident of that city and State and was a resident of Florida. His income tax returns to the State of New York were made as a non-resident. His Federal tax returns gave no residence, but the address used by him in them was his Chicago business office. He repeatedly declared to friends that he was a legal resident of Sarasota, and not of New York. A great majority of his written declarations contained in deeds, contracts and other documents, describe him as of Sarasota. Some others stated that he was of New York, but these are relatively few in number or were simply statements of an address or have been sufficiently explained.

The estate of the wife is comparatively small. The assets in both States are estimated by the husband as being of the value of less than $20,000. The feeling between the parties has apparently extended the controversy to an extreme disproportionate to the amount involved. In any event, the husband's domicile and consequently that of his wife, the decedent, was unquestionably in Florida. The application for letters of administration by the representatives of the deceased mother of the decedent is denied. The counter application of the husband for ancillary letters of administration is granted.

Submit decree on notice accordingly.